IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**TRESA JUNE FRANKS**, *Individually, and on behalf of herself and other similarly situated current and former employees*,

    Plaintiff,

v.

**SENIOR SOLUTIONS AT HOME, INC.,**

    Defendant.

No. _____

**FLSA Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Tresa June Franks ("Plaintiff"), individually, and on behalf of herself and all other similarly situated caregivers, brings this Fair Labor Standards Act ("FLSA") Collective Action against Senior Solutions at Home, Inc. ("Defendant") and states as follows:

### I.     INTRODUCTION

1. This lawsuit is brought against Defendant as Collective Action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated caregivers.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half rimes their regular hourly rate of pay.

## II.  PARTIES

3. Defendant, Senior Solutions at Home, Inc., is a Tennessee corporation with its headquarters located at 209 Ward Circle (Suite 102), Brentwood, Tennessee 37027-7579. Defendant's registered agent for service of process is Kunu Kaushal, 209 Ward Circle (Suite 102), Brentwood, Tennessee 37027-7579.

4. Plaintiff, Tresa June Franks, has been employed by Defendant as a caregiver during all times material to this action. Plaintiff Franks' consent to join form is attached as *Exhibit A*.

## III.  JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendant within this district and Defendant has conducted business within this district during all material to this action.

## IV.  COVERAGE

7. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

8. Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this Collective Action.

9. During all times material, Defendant engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

10. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

11. Plaintiff and similarly situated caregivers have been "employees" of Defendant as that term is defined in the FLSA, and such employees have engaged in commerce or in the production of goods for commerce on behalf of Defendant, as defined by 29 U.S.C. §§ 206–207, during all times material to this action.

### V.     FACTUAL ALLEGATIONS

12. Defendant specializes in senior home care, companion care and veteran care, serving 95 counties in Tennessee and 15 counties in Georgia, according to its website. Plaintiff worked as a caregiver for Defendant in Hardin County, Tennessee.

13. Plaintiff and those similarly situated were employed by Defendant as caregivers during all times material to this action.

14. At all times material to this action, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated.

15. Plaintiff and those similarly situated worked 40 hours or more per week within weekly pay periods during all times material to this action.

16. Defendant has had a common practice of failing to pay Plaintiff and those similarly situated for all their overtime hours worked either by a failure to record such overtime hours into its time keeping system or editing-out such overtime hours from its time keeping system.

17. Plaintiff and those similarly situated worked more than 40 hours per week within weekly

18. Defendant has been aware it was not compensating Plaintiff and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

19. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendant's FLSA violations.

20. Defendant's common practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

21. Defendant's failure to compensate Plaintiff and those similarly situated for their unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

22. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

23. The net effect of Defendant's common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over 40 within weekly pay periods during all times material to this action was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

## VI. <u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

24. Plaintiff brings this case as a Collective Action on behalf of herself and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages

25. More specifically, Plaintiff brings this action on behalf of herself and the following similarly situated persons:

    > All current and former caregivers of Defendant who performed work for Defendant anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "potential plaintiffs").

26. Plaintiff and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA, and as previously described.

27. This action is properly maintained as a Collective Action because Plaintiff and potential plaintiffs have been similarly deprived of overtime compensation due to Defendant's unlawful pay practices.

28. Plaintiff and potential plaintiffs also are similarly situated because their unpaid overtime wage claims are unified through a common theory of Defendant's FLSA violations.

29. The Collective Action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds

generally applicable to Plaintiff and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of Plaintiff and potential plaintiffs to protect their interests.

30. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with those of potential plaintiffs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

31. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

32. Defendant knew Plaintiff and those similarly situated performed compensable overtime work within weekly pay periods during all times material without being compensating for such unpaid overtime time at the applicable FLSA overtime compensation rates of pay.

33. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiff and potential plaintiffs.

34. Defendant does not have a good faith basis for its failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

35. Thus, Defendant is liable to Plaintiff and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime.

36. Plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages

under the FLSA, and the other relief requested herein.

37. The precise number of potential plaintiffs is not known by Plaintiff as of this time but can be easily ascertained in part by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

38. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice at all of Defendant's facilities.

## COUNT I
### (Violation of the Fair Labor Standards Act)

39. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

40. At all times material, Plaintiff and potential plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

41. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and potential plaintiffs also have engaged in interstate commerce on behalf of Defendant during all times material to this action.

42. At all times material, Defendant has been an "employer" of Plaintiff and potential plaintiffs, as such term is defined by the FLSA.

43. Plaintiff and potential plaintiffs were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements during all times material.

44. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

45. Defendant's practice of failing to pay Plaintiff and potential plaintiffs for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA – as previously

described.

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

47. Through its actions and practices, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this action.

48. Defendant's actions were willful with reckless disregard to clearly established FLSA provisions.

49. Defendant does not have a good faith basis for its conduct.

50. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendant's FLSA violations.

51. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

52. Therefore, Defendant is liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

a) Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiff and potential plaintiffs FLSA statutory damages against Defendant;

c) Award Plaintiff and potential plaintiffs all unpaid overtime compensation against Defendant;

d) Award Plaintiff and potential plaintiffs liquidated damages in accordance with the FLSA against Defendant;

e) Award Plaintiff and those similarly situated prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and those similarly situated post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h) Award Plaintiff and those similarly situated reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: December 8, 2023.                    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BPR #12123)
J. Joseph Leatherwood IV (TN BPR #39490)

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***